UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 01-10057-MLW |
| ) | |
| SANDY FELIX REYES, ) | |
|    a/k/a "Junior" ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                         September 9, 2011

I. INTRODUCTION

    Defendant Sandy Felix Reyes pled guilty to conspiracy to distribute and to possess with intent to distribute heroin. He was sentenced to 98 months in custody. He filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 (the "§2255 Motion"). For the reasons described in this Memorandum, all three grounds raised in the §2255 Motion are being denied without an evidentiary hearing.

II. PROCEDURAL HISTORY

    On February 8, 2001, Reyes was indicted and charged in Count One with conspiracy to distribute and to possess with intent to distribute heroin in violation of 21 U.S.C. §846. On April 5, 2001, the grand jury returned a superseding indictment, which again charged Reyes in Count One conspiracy to distribute and to possess with intent to distribute heroin in violation of 21 U.S.C. §846.

    Reyes made his initial appearance on March 2, 2005. On March

1, 2006, he pled guilty to Count One pursuant to a plea agreement. Among other things, the parties agreed in the plea agreement that the base offense level should be increased by three levels because defendant was a manager or supervisor pursuant to U.S.S.G. §3B1.1(b), and that, given the factors described in the plea agreement, the guideline range was 78-97 months. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the plea agreement was not binding on the court or Probation.

At the June 19, 2006 sentencing, the court increased defendant's offense level by four levels (as opposed to three) because it found that Reyes was an organizer or leader, and, consequently, the court found a guideline range of 87-108 months. The court sentenced Reyes to 98 months in custody.

Reyes appealed the court's finding that a four level (rather than three level) enhancement was appropriate. In a July 30, 2007 Judgment, the United States Court of Appeals for the First Circuit affirmed the sentence.

Subsequently, Reyes, appearing pro se, filed the §2255 Motion, which the government opposes. The §2255 Motion raises three grounds for relief, which allege ineffective assistance of counsel and errors at sentencing.

II. ANALYSIS

   A. Legal Standard

      1. Denial Without an Evidentiary Hearing

The First Circuit elaborated the test for granting an evidentiary hearing in a §2255 proceeding in United States v. McGill, 11 F.3d 223 (1st Cir. 1993). As the First Circuit wrote:

> When a petition is brought under section 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. See Mack v. United States, 635 F.2d 20, 26-27 (1st Cir. 1980); United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. [1978]), cert. denied, 439 U.S. 834, 99 S.Ct. 115, 58 L.Ed.2d 129 (1978). In determining whether the petitioner has carried the devoir of persuasion in this respect, the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets.
>
> We have distilled these principles into a rule that holds a hearing to be unnecessary "when a §2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case." Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974). In other words, a "§2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984) (citations omitted).

Id. at 225-26 (some citations omitted); see also United States v. Panitz, 907 F.2d 1267 (1st Cir. 1990).

"Moreover, when, as in this case, a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge

3

gleaned during previous proceedings and make findings based thereon without convening an additional hearing." McGill, 11 F.3d at 225.

## 2. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel," but it "does not guarantee a defendant a letter-perfect defense or a successful defense." Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993). "Not every error amounts to ineffectiveness." Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002).

"To succeed on a claim of ineffective assistance of counsel under the Sixth Amendment, [a movant] must show both deficient performance by counsel and resulting prejudice." Peralta v. United States, 597 F.3d 74, 79 (1st Cir. 2010)(citing Strickland v. Washington, 466 U.S. 668, 687 (1984)); see Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996). "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697. "The burden is on the petitioner to demonstrate ineffective assistance by a preponderance of the evidence." Lema, 987 F.2d at 51.

"In order to satisfy the 'deficient performance' prong, [a movant] must show that his trial counsel's representation 'fell below an objective standard of reasonableness.'" Peralta, 597 F.3d

4

at 79 (quoting Strickland, 466 U.S. at 688). The court must determine "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. "Judicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge in a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Strickland, 466 U.S. at 690. "The defendant, as a result, must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Phoenix v. Matesanz, 233 F.3d 77, 81 (1st Cir. 2000); see Prou v. United States, 199 F.3d 37, 47-48 (1st Cir. 1999); Arroyo v. United States, 195 F.3d 54, 55 (1st Cir. 1999). Therefore, "as long as counsel performed as a competent lawyer would, his or her detailed subjective reasoning is beside the point." Cofske, 290 F.3d at 444; see Abrante v. St. Amand, 595 F.3d 11, 19 (1st Cir. 2010); Paul v. United States, 534 F.3d 832, 837 (8th Cir. 2008)(citing Cofske for the proposition that the First Circuit, unlike some other circuits, permits an assessment of reasonableness "solely by reference to strategy that a hypothetical attorney might have pursued under the circumstances, without any inquiry as to counsel's actual strategy"); Dugas v. Coplan, 428 F.3d 317, 328 n.10 (1st Cir. 2005)(citing Cofske and emphasizing that the Strickland standard is objective)

As to the second prong, "[u]nder Strickland, a defendant is prejudiced by his counsel's deficient performance if 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Porter v. McCollum, 130 S. Ct. 447, 453 (2009)(quoting Strickland, 446 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 695; see Peralta, 597 F.3d at 79-80.

B. All Grounds Are Being Dismissed

1. Ground Three: Ineffective Assistance

Ground Three alleges that Reyes's trial counsel was ineffective for a variety of reasons.

First, Reyes alleges that defense counsel "acquiesced to the Government's indictment and information." However, Reyes has failed to identify any defect in the superseding indictment which trial counsel might have raised. Consequently, this allegation, taken as true, cannot entitle Reyes to relief because it fails to show any prejudice.

Second, Reyes alleges that trial counsel "failed to challenge the proposed plea agreement," which Reyes alleges "was heavily weighed in the government's favour." However, Reyes offers no authority for the proposition that the mere fact that the terms of a plea agreement are favorable to the government renders the agreement unlawful or unenforceable. Nor does he allege any

6

specific defect in the agreement which trial counsel should have raised in a challenge to its legality. Consequently, this allegation, even taken as true, cannot entitle Reyes to relief because it fails to show any prejudice.

Third, Reyes alleges that trial counsel "failed to challenge the court's abandonment of the plea agreement, and failed to challenge the sentencing of [Reyes] to a multiple of up to three times that of his several co-defendants." However, at sentencing, trial counsel specifically argued that the court should not impose a four-level enhancement for Reyes's leadership role, but rather should impose only the three-level enhancement contemplated by the plea agreement. See Jun. 19, 2006 Tr. at 21. Trial counsel also argued that a lengthy sentence was unwarranted in light of the relatively short sentences imposed on Reyes's co-defendants. See Sent. Mem. at 6 (arguing departure from plea agreement range would create unwarranted disparity); Jun. 19, 2006 Tr. at 26 (noting that co-defendants received "rather light sentences"). Consequently, Reyes's allegations are conclusively contradicted by the record.

Fourth, Reyes alleges that counsel was ineffective for failing to argue that the court, after imposing the four-level enhancement, "sentenced [Reyes] under the premise that the applicable guideline was actually mandatory, violating the Booker prime principle." However, the record demonstrates that the court applied the advisory guidelines as required by United States v. Booker, 534

U.S. 220 (2005), and did not treat the guidelines as mandatory. See Jun. 19, 2006 Tr. at 4. The court properly applied Booker by first calculating the applicable advisory guideline range and then considering the guideline range and the other §3553(a) factors to impose a sentence sufficient but not greater than was necessary. See id. at 4, 32. It was not error for the court to find facts that justified the four-level enhancement, because, under Booker, the court may permissibly find and rely on facts found by a judge by a preponderance of the evidence when calculating the advisory guideline range. See United States v. Curran, 525 F.3d 74, 85 (1st Cir. 2008)(citing United States v. Pizarro-Berrios, 448 F.3d 1, 6 (1st Cir. 2006)). Accordingly, because the record conclusively demonstrates that the court did not err, any argument by trial counsel that the court failed to comply with Booker would have been without merit, and the failure to make such an argument could not, therefore, justify a finding of deficient performance or prejudice under Strickland. See Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990).

Fifth, Reyes argues that his counsel was ineffective for failing to seek a downward departure based on Reyes's status as a deportable alien and on his substandard housing conditions during pre-trial confinement in a non-federal facility. Regarding deportation, however, the record contradicts Reyes's claim in that it reflects that counsel did argue for leniency based on Reyes's

8

likely deportation, see Jun. 19, 2006 Tr. at 28, and there is no reasonable probability that further advocacy on this point would have affected the ultimate sentence. This argument is, therefore, contradicted by the record and facially inadequate in that it fails to adequately allege prejudice. Regarding pre-trial confinement, Reyes identifies no particular defect in the conditions of his confinement, nor has he identified a reason that mere confinement in a non-federal facility would merit a more lenient sentence. Reyes, has not, therefore, demonstrated that counsel's failure to raise this issue could have resulted in any prejudice or that counsel's failure to do so was unreasonable.

Accordingly, because Reyes's allegations state conclusions instead of facts, are conclusively contradicted by the record, or would not entitle him to relief if shown, Ground Three is being dismissed without an evidentiary hearing. See McGill, 11 F.3d 225-26.

### 2. Ground One: Booker Error

Ground One alleges that the court failed to comply with Booker in the manner previously discussed. Even assuming this claim is not procedurally defaulted, see Owens v. United States, 483 F.3d 48, 56 (1st Cir. 2007), his claim is conclusively contradicted by the record for the reasons stated in Part II(B)(1), supra, and is,

therefore, being dismissed.[1]

### 3. Ground Two: Downward Departure

Reyes argues that the court erred in failing to depart downward based on Reyes's status as a deportable alien and on his substandard housing conditions during pre-trial confinement in a non-federal facility. Even assuming this claim is not procedurally defaulted, see Owens v. United States, 483 F.3d 48, 56 (1st Cir. 2007), an error in the application of the sentencing guidelines is not cognizable under §2255 absent a showing of a fundamental defect which inherently results in a complete miscarriage of justice. See Mateo v. United States, 398 F.3d 126, 136 (1st Cir. 2005); Knight v. United States, 37 F.3d 769, 773-74 (1st Cir. 1994). Reyes has made no such showing, and Ground Two is, therefore, being dismissed.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court must "issue or deny a certificate of appealability [("COA")] when it enters a final order adverse to the applicant." To warrant a COA, Reyes must demonstrate that

---

[1] To the extent that Reyes asserts that the court erred in imposing the four-level enhancement, this claim was litigated and rejected on direct appeal and cannot, therefore, be raised in the § 2255 Motion. See, e.g., Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994)("'[I]ssues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. §2255 motion.'" (quoting Dirring v. United States, 370 f.2d 862, 864 (1st Cir. 1967)).

reasonable jurists would find the court's assessment of his constitutional claims debatable. Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). An issue "can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. However, the "issuance of a COA must not be pro forma or a matter of course" because by enacting AEDPA "Congress confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not." Id. at 337. Here, where Reyes's claims are either facially inadequate or contradicted by the record, the court does not find dismissal to be debatable. A COA is being denied as to all claims.

Because the court has denied a COA, Reyes may seek a COA from the court of appeals. See §2255 Rule 11.

IV. ORDER

Accordingly, it is hereby ORDERED that:

1. All claims asserted in the §2255 Motion (Docket No. 210) are DISMISSED.

2. A COA is denied as to all claims.

UNITED STATES DISTRICT JUDGE